1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEONCIO DeJESUS,                           No.  2:16-cv-2375 CKD P

12              Plaintiff,

13        v.                                    ORDER

14   MICHAEL MARTEL, et al.,

15              Defendants.

16

17   I.  Introduction

18        Plaintiff, a state prisoner proceeding pro se, filed this action in the San Joaquin County

19   Superior Court.  It was removed to federal court pursuant to 28 U.S.C. § 1441(b).  (ECF No. 1.)

20   Defendants have paid the filing fee.

21   II.  Screening Standard

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6           In order to avoid dismissal for failure to state a claim a complaint must contain more than

7    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

8    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

9    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

10   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

11   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

12   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

13   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

14   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

15   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

16   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

17   U.S. 232, 236 (1974).

18   III.  Analysis

19          Plaintiff names two defendants: Warden Michael Martel and the California Department of

20   Corrections and Rehabilitation (CDCR).  Plaintiff alleges that defendants deprived him of his

21   rights under Title VI of the Civil Rights Act, specifically 42 U.S.C. § 2000d, "by not providing

22   Spanish speaking groups when [California Health Care Facility] is a recipient of federal funds."

23   (ECF No. 1 at 8.)  Plaintiff further claims this deprivation violates state law.  (Id.)

24          Title VI bars discrimination on the basis of race, color, or national origin by any program

25   or activity receiving federal financial assistance. 42 U.S.C. § 2000d.  To state a claim under Title

26   VI for intentional discrimination, a plaintiff must allege facts plausibly establishing that, at the

27   very least, an entity receiving federal assistance discriminated against her on the basis of race,

28   color, or national origin.  See Baker v. Bd. of Regents of the State of Kan., 991 F.2d 628, 631

2

(10th Cir. 1993).  Plaintiff's vague and conclusory allegations fail to state a claim under this standard.  Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.

As it fails to state a claim, the complaint will be dismissed.  However, plaintiff will be granted one opportunity to amend the complaint.

IV. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The complaint is dismissed without prejudice; and

2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3

1   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

2   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

3   two copies of the amended complaint; failure to file an amended complaint in accordance with

4   this order will result in a recommendation that this action be dismissed.

5   Dated:  December 7, 2016

6   _____
    CAROLYN K. DELANEY
7   UNITED STATES MAGISTRATE JUDGE

8

9

10  2 /deje2375.14.new

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28