1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEONICIO DE JESUS,                    No.  2:16-cv-2375 KJM CKD P

12                    Plaintiff,

13           v.                            ORDER

14   MICHAEL MARTEL, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in this civil rights action pursuant

18   to 42 U.S.C. § 1983.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20   **I.       Procedural History**

21          Plaintiff's civil rights action initiated in the San Joaquin Superior Court was removed to this

22   court on October 4, 2016.  This court screened the five page complaint on December 7, 2016 and

23   dismissed it with leave to amend for failing to state a claim.  Following three extensions of time

24   plaintiff filed a 511 page amended complaint including exhibits.  The amended complaint names

25   forty-five defendants and contains a table of contents that is over twenty pages long.  In this

26   voluminous pleading, plaintiff asserts that "he speaks for the entire Spanish speaking CDCR

27   prison community…."  ECF No. 13 at 46.

28   ////

                                                    1

Also pending before the court is defendants' motion for screening of plaintiff's complaint which was filed a mere two days after the amended complaint.[1]  ECF No. 14.

## II.    Screening Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).  To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  Conclusory allegations are insufficient.  See Ashcroft v. Iqbal , 556 U.S. 662, 678 (2009) (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

The complaint does not comply with the standards of Rule 8.  As set forth above, plaintiff's allegations contain a laundry list of defendants but fails to identify how each particular defendant is liable for each of the alleged constitutional violations.  The court is not required to ferret through plaintiff's allegations and all of the attached documents in search of viable claims, Independent Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003), and plaintiff's failure to plainly and succinctly provide each defendant with fair notice of the bases for his allegations violates Rule 8.  See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").  Merely attaching hundreds of pages of documents, without specific allegations demonstrating how those documents support his claims, is not sufficient.

////

---

[1] The court notes that this boilerplate motion was filed when defendants chose to remove this action from state court as well as immediately after plaintiff filed the amended complaint.  The filing of repetitious, seriatim motions pointing out the court's duty to screen § 1983 complaints is more burdensome than helpful.

1   In sum, the Complaint is subject to dismissal under Rule 8. However, the court will grant

2   plaintiff leave to amend.

3       If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

4   the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

5   statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended

6   complaint must allege in specific terms how each named defendant is involved. There can be no

7   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

8   defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.

9   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

10  1978). Furthermore, vague and conclusory allegations of official participation in civil rights

11  violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

13  make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended

14  complaint be complete in itself without reference to any prior pleading. This is because, as a

15  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

16  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original

17  pleading no longer serves any function in the case. Therefore, in a second amended complaint, as

18  in an original complaint, each claim and the involvement of each defendant must be sufficiently

19  alleged.

20      In accordance with the above, IT IS HEREBY ORDERED that:

21      1. Plaintiff's first amended complaint is dismissed;

22      2. Defendants' motion for screening (ECF No. 14) is denied as moot; and

23      3. Plaintiff is granted thirty days from the date of service of this order to file a second

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

25  of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear

26  the docket number assigned this case and must be labeled "Second Amended Complaint."

27  /////

28  /////

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 8, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/deju2375.14amd.new.docx

4